UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE, <br><br> Plaintiff, <br><br> v. <br><br> COVINGTON VENTURE LLC and TERRANCE COVINGTON, <br><br> Defendants. | Case No. |

## VERIFIED COMPLAINT

NOW COMES Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE ("U.S. Bank"), by and through its counsel, and for its Verified Complaint against Defendants COVINGTON VENTURE LLC ("CVL"), and TERRANCE COVINGTON ("Covington") (collectively the "Defendants"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the state of Ohio and its main office is located in Cincinnati, Ohio.

2. CVL is an Illinois limited liability company with its principal place of business located at 1016 Parkwood Drive, Apt 2E, Joliet, IL 60432. Per the records of the Illinois Secretary of State, Covington and Carl Langs are the only two members of CVL. Carl Langs is a citizen of the State of Texas who maintains his domicile at 871 Carolyn Parkway, Unit 111, Irving, Texas 75039.

1

3. Covington is a citizen of the State of Illinois domiciled at 7012 Mojave, Plainfield, IL 60586.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because the Defendants maintain its principal place of business and are domiciled in this judicial district, and because the events giving rise to this litigation occurred in this judicial district.

## BACKGROUND

I. **Equipment Finance Agreement No. xxx-xxx3361-000**

6. On or about February 24, 2023, U.S. Bank, as secured party, and CVL, as debtor, entered into Equipment Finance Agreement No. xxx6871 (internally re-numbered by U.S. Bank as xxx-xxx3361-000) (the "First Agreement"), wherein U.S. Bank financed CVL's acquisition of the following: one (1) 2015 Volvo VIN 4V4NC9EH5FN931562 and one (1) 2015 Volvo VIN 4V4NC9EH5FN931559 (collectively, the "First Equipment"). CVL granted U.S. Bank a first priority security interest in the same. A true and correct copy of the First Agreement is attached hereto as Exhibit 1. *See* Exhibit 1 hereto.

7. Pursuant to the First Agreement, CVL agreed to make sixty (60) consecutive monthly payments of $1,731.50, plus applicable fees and costs. *See* Exhibit 1.

8. To induce U.S. Bank to enter into the First Agreement, Covington personally guaranteed the full and prompt payment and performance of all CVL's obligations to U.S. Bank under the First Agreement (the "First Guaranty"). *See* Exhibit 1.

9. CVL granted U.S. Bank a security interest in the First Equipment. See Exhibit 1 ¶ 3. U.S. Bank's lien on the First Equipment is reflected on the Certificates of Title for the First Equipment, attached hereto as Exhibit 2.

## II. Equipment Finance Agreement No. xxx-xxx3578-000

10. On or about March 24, 2023, U.S. Bank, as secured party, and CVL, as debtor, entered into Equipment Finance Agreement No. xxx3355 (internally re-numbered by U.S. Bank as xxx-xxx3578-000) (the "Second Agreement"), wherein U.S. Bank financed CVL's acquisition of the following equipment: one (1) 2015 Volvo VIN 4V4NC9EH6FN915628 and one (1) Dry Bulk Blower System (the "Second Equipment"). CVL granted U.S. Bank a first priority security interest in the same. A true and correct copy of the Second Agreement is attached hereto as Exhibit 3.

11. On or about March 20, 2023, U.S. Bank, as secured party, and CVL, as debtor, executed a Delivery & Acceptance Certificate, wherein CVL agreed to unconditionally accept the Second Equipment (the "Second Acceptance"). A true and correct copy of the Second Acceptance is found within the Second Agreement. The Second Agreement indicates that the Second Equipment was located at 1016 Parkwood Drive, Apt 2E, Joliet, IL 60432. See Exhibit 3.

12. Pursuant to the Second Agreement, CVL agreed to make sixty (60) consecutive monthly payments of $1,307.62, plus applicable fees and costs. See Exhibit 3.

13. To induce U.S. Bank to enter into the Second Agreement, Covington personally guaranteed the full and prompt payment and performance of all CVL's obligations to U.S. Bank under the Second Agreement (the "Second Guaranty"). See Exhibit 3.

14. CVL granted U.S. Bank a security interest in the Second Equipment. See Exhibit 3 ¶ 3. U.S. Bank's lien on the Second Equipment is reflected on the Certificate of Title for the Second Equipment, attached hereto as Exhibit 4.

### III.     Default

15. CVL defaulted under the First Agreement and the Second Agreement (collectively, the "Agreements") by failing to make timely payments.

16. Terrance Covington defaulted under the First Guaranty and Second Guaranty (collectively, the "Guaranties") by failing to make all payments when due under the Guaranties.

17. The failure to make timely payments constitutes a default pursuant to the Agreements and Guaranties. See Exhibit 1, ¶6, Exhibit 3, ¶ 6.

18. As a proximate result of CVL's default under the Agreements, U.S. Bank is entitled to payment of the accelerated balance. See Exhibit 1, ¶ 6, Exhibit 3, ¶ 6.

19. Pursuant to the Agreements, U.S. Bank is further entitled to late fees in the amount of ten percent (10%) of the payment which is late, and pre-judgment interest of twelve percent (12%) per annum on all unpaid amounts. See Exhibit 1, ¶¶ 2, 6, Exhibit 3, ¶¶ 2, 6.

20. U.S. Bank is also entitled to attorneys' fees and costs pursuant to the Agreements. See Exhibit 1, ¶ 6, Exhibit 3, ¶ 6.

21. U.S. Bank demanded payment from CVL and Covington pursuant to the Agreements and the Guaranties, but CVL and Covington have failed or refused to make payments.

22. U.S. Bank has fully performed its obligations under the terms of the Agreements.

### COUNT I - BREACH OF CONTRACT
### AGAINST DEFENDANT COVINGTON VENTURE LLC

23. U.S. Bank repeats and realleges paragraph 1 through 22 as though fully set forth herein.

24. CVL defaulted under the Agreements by failing to make all payments when due.

25. As a proximate result of CVL breach of the Agreements, U.S. Bank has suffered actual in the amount of $117,525.42, plus pre-judgment interest and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE, respectfully requests that the Court enter judgment in its favor and against Defendant COVINGTON VENTURE LLC in the amount of $117,525.42, plus accrued interest, late fees, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

### COUNT II - BREACH OF GUARANTY
### AGAINST DEFENDANT TERRANCE COVINGTON

26. U.S. Bank repeats and realleges paragraph 1 through 25 as though fully set forth herein.

27. Under the Guaranties, Covington is indebted to U.S. Bank for the amounts due to U.S. Bank from CVL under the Agreements.

28. Covington has failed to pay $117,525.42, plus accrued interest, late fees, and attorneys' fees and costs, to U.S. Bank.

29. Accordingly, Covington has breached the Guaranties.

30. Due to Covington's breach of the Guaranties, U.S. Bank has suffered actual damages in the amount of $117,525.42, plus accrued interest, late fees, and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE, respectfully requests that this Court enter judgment in its favor and

against TERRANCE COVINGTON in the amount of $117,525.42, plus accrued interest, late fees, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST COVINGTON VENTURE LLC

31. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 30 of its Verified Complaint as though fully set forth herein.

32. This claim is brought pursuant to 735 ILCS § 5/19-101, et seq. as the First Equipment and Second Equipment are located in Illinois.

33. U.S. Bank is the first lienholder on the Certificates of Title for the First Equipment and Second Equipment. *See* Exhibit 2 and Exhibit 4.

34. Due to CVL's default under the Agreements, U.S. Bank is entitled to the return of and the exclusive possession of the Equipment, specifically: one (1) 2015 Volvo VIN 4V4NC9EH5FN931562, one (1) 2015 Volvo VIN 4V4NC9EH5FN931559, one (1) 2015 Volvo VIN 4V4NC9EH6FN915628 and one (1) Dry Bulk Blower System.

35. U.S. Bank has made demand upon CVL for the return of the First Equipment and Second Equipment, but CVL has failed or refused to return the same.

36. CVL is wrongfully and unlawfully detaining the First Equipment and Second Equipment due to its default under the Agreements, and its continued retention of the First Equipment and Second Equipment prohibits U.S. Bank from mitigating its damages.

37. The First Equipment and Second Equipment have not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of U.S. Bank, or against U.S. Bank individually, nor seized under any lawful process against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin against U.S. Bank.

6

38. Upon information and belief, the First Equipment and Second Equipment are located at 1016 Parkwood Drive, Apt 2E, Joliet, IL 60432.

39. U.S. Bank estimates the fair market value of the First Equipment and Second Equipment, depending on condition, to be approximately $61,500.00.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Court enter an Order of Replevin directing the United States Marshal, or any other designated officer, to use all necessary force, including the force necessary to break locks and force open doors, to repossess: one (1) 2015 Volvo VIN 4V4NC9EH5FN931562, one (1) 2015 Volvo VIN 4V4NC9EH5FN931559, one (1) 2015 Volvo VIN 4V4NC9EH6FN915628 and one (1) Dry Bulk Blower System, or any portion thereof, from Covington Venture LLC at 1016 Parkwood Drive, Apt 2E, Joliet, IL 60432, or wherever the First Equipment and Second Equipment (or any of them) may be found, and enter judgment against COVINGTON VENTURE LLC for the value of any of the First Equipment and Second Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

### COUNT IV – DETINUE
### AGAINST COVINGTON VENTURE LLC

40. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 40 of its Verified Complaint as though fully set forth herein.

41. U.S. Bank is entitled to possession of the First Equipment and Second Equipment due to the payment default under the Agreements.

42. U.S. Bank has a perfected security interest in the First Equipment and Second Equipment pursuant to the Certificates of Title for the First Equipment and Second Equipment.

43. Due to CVL's default under the Agreements, U.S. Bank has an absolute and unconditional right to immediate possession of the First Equipment and Second Equipment.

44. CVL is wrongfully retaining possession and control of the First Equipment and Second Equipment, as the First Equipment and Second Equipment are U.S Bank's collateral under the Agreements, and must be returned so U.S Bank can mitigate its damages.

45. After its default under the Agreements, CVL no longer has any right, title, or interest in the First Equipment and Second Equipment.

46. U.S. Bank's right to possession of the First Equipment and Second Equipment is superior to that of CVL

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Court enter an Order compelling Covington Venture LLC, through its corporate officers, to assemble and surrender: one (1) 2015 Volvo VIN 4V4NC9EH5FN931562, one (1) 2015 Volvo VIN 4V4NC9EH5FN931559, one (1) 2015 Volvo VIN 4V4NC9EH6FN915628 and one (1) Dry Bulk Blower System at a place and time directed by U.S. Bank National Association d/b/a U.S. Bank Equipment Finance within fourteen (14) days of this Court's entry of judgment, and award U.S. Bank National Association d/b/a U.S. Bank Equipment Finance such other relief as this Court deems just.

                                              U.S. BANK NATIONAL ASSOCIATION d/b/a
                                              U.S. BANK EQUIPMENT FINANCE

By:   /s/ D. Alexander Darcy
        D. Alexander Darcy (ARDC #06220515)
        DARCY & DEVASSY PC
        444 North Michigan Ave., Ste. 3270
        Chicago, IL 60611
        (312) 784-2400 (t)
        (312) 784-2410 (f)
        adarcy@darcydevassy.com

## VERIFICATION

      Under penalty of perjury under the law of Illinois, the undersigned Declarant certifies that the statements set forth in the Verified Complaint in Replevin are true and correct, the attached exhibits are true and accurate copies, the amounts of damages are true and correct, and except as to the matters stated to be on information and belief, the undersigned certifies as aforesaid that he verily believes the same to be true.

*Betty Andries*  
Betty Andries  
Officer | Loss Mitigation Specialist  
U.S. Bank National Association d/b/a  
U.S. Bank Equipment Finance

Executed on the 4th day of September, 2025.